**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KIM MCGOWAN,

        Plaintiffs,

vs.

CREDIT MANAGEMENT, LP,

        Defendants.

Case No. 2:14–cv–759–APG–VCF

**ORDER**

       This matter involves Kim McGowan's civil action under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) and Fair Debt Collection Practices Act, 15 U.S.C. § 1692d. Before the court is McGowan's Motion to Compel (#11). Credit Management LP opposed (#12); McGowan failed to reply. For the reasons stated below, McGowan's Motion to Compel is deferred and a hearing is set for March 25, 2015, at 10:00 a.m.

**BACKGROUND**

       Kim McGowan is a resident of Clark County, Nevada. (Compl. (#1) at ¶ 3). She has no established relationship with Credit Management, LP. (*Id*. at ¶ 4). She never gave Credit Management permission to call her and has no contractual obligations to pay Credit Management. (*Id*. at ¶¶ 4–5). Nonetheless, Credit Management repeatedly called McGowan's cell phone, demanding payment for an alleged debt. (*Id*. at ¶ 6). Between December 26, 2013, and March 4, 2014, Credit Management called McGowan at least 21 times. (*Id*.)

       Accordingly, on May 14, 2014, McGowan commenced this under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) and Fair Debt Collection Practices Act, 15 U.S.C. § 1692d. On

1

August 15, 2014, the parties stipulated to a discovery plan and scheduling order, which set the following dates: (1) December 4, 2014, as the last date to file "discovery-related motions," (2) January 4, 2015, as the discovery cutoff date, and (3) February 3, 2015, as the dispositive-motions deadline. (Sched. Or. (#9) at ¶¶ 1, 5, 10).

On November 6, 2014, the parties filed their Interim Status Report. (Doc. #10). Credit Management removed language that would have extended the discovery deadlines. (Def.'s Opp'n (#12) at 3:15–18) (citing Ex. 2). McGowan did not object or even respond. (*See id.*)

On November 13, 2014, the last day to move to extend the discovery-related motions deadline elapsed. No request to extend was filed. On December 4, 2014, the last day to file a discovery-related motion elapsed. No discovery motions were filed. On December 15, 2014, the last day to move to extend the discovery cutoff deadline elapsed. No request to extend was filed.

On January 2, 2015, McGowan untimely moved to compel and requested a modification of the court's scheduling order. Credit Management opposed, arguing that McGowan's motion is untimely. On January 26, 2015, the deadline for McGowan to reply elapsed. No reply was filed.

**DISCUSSION**

The parties' filings presents one question: whether the scheduling order should be modified so that the court may entertain McGowan's Motion to Compel. The courts inquiry begins with the governing law.

**A.**   *Legal Standard*

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders. In pertinent part, it provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In the context of Rule 16, good cause is measured by diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992)). The rule permits modification of a scheduling

2

order, but only if the existing deadlines cannot be met despite the diligence of the party seeking the extension. *Coleman*, 232 F.3d at 1295. Where the movant "fail[s] to show diligence, the inquiry should end." *Id*. (citation and quotation marks omitted).

Local Rule 26-4 supplements Federal Rule 16. It states that scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than twenty-one (21) days before the expiration of the subject deadline." LR 26-4. Additionally, a motion to extend discovery must include: (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery not completed within the time set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery. *Id*.

If, however, a request is made after the expiration of the subject deadline, the movant's request "shall not be granted" unless the movant demonstrates that the failure to act was the result of "excusable neglect." LR 26-4. Excusable neglect approximates negligence. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). Courts consider four factors when determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). This determination is equitable, *Pioneer*, 507 U.S. at 395, and left to the district court's discretion. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Scheduling orders are critical to the court's management of its docket. The court is charged with securing "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Delay frustrates this command. Accordingly, the Ninth Circuit has emphasized that a case

management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Mammoth Recreations, Inc.*, 975 F.2d at 610 (internal quotations and citations omitted).

### B.   *A Decision on McGowan's Motion to Compel is Deferred*

McGowan's Motion to Compel and request to modify the scheduling order is deferred for three reasons. First, the Motion to Compel is untimely. The deadline to move to compel expired on December 4, 2014. (Sched. Or. (#9) at ¶ 10). McGowan moved to compel nearly a month later, on January 2, 2015.

Second, McGowan's request to modify the scheduling order was filed two days before the expiration of the subject deadline (*i.e.*, the January 4, 2015, discovery cutoff date), not 21 days before, as Local Rule 26-4 requires. Additionally, McGowan's request to modify the scheduling order failed to include (1) a statement specifying the discovery completed; (2) a specific description of the discovery that remains to be completed; (3) the reasons why the deadline was not satisfied or the remaining discovery not completed within the time set by the discovery plan; and (4) a proposed schedule for completing all remaining discovery. LR 26-4.

Third, McGowan's requests are not granted because she did not argue that her failure to timely move to compel and modify the scheduling order is attributable to excusable neglect. (*See generally* Pl.'s Mot. to Compel #11).

Therefore, the court's inquiry must end here. *Coleman*, 232 F.3d at 1295 (stating that where the movant "fail[s] to show diligence, the inquiry should end."). Nonetheless, the court grants McGowan leave to file a Motion to Modify the Scheduling Order, which demonstrates that her failure to act was the result of excusable neglect. McGowan's Motion to Modify the Scheduling Order must be filed before February 20, 2015. The court will hear oral argument on McGowan's Motion to Modify the Scheduling Order on March 25, 2015. If McGowan's Motion to Modify the Scheduling Order is granted, then the court will

4

also hear oral argument on McGowan's Motion to Compel (#11). If the scheduling order is not modified, this action will proceed as previously scheduled.

IT IS ORDERED that Kim McGowan's Motion to Compel is DEFERRED.

IT IS FURTHER ORDERED that a hearing is set for March 25, 2015, at 10:00 a.m. in Courtroom 3D.

IT IS FURTHER ORDERED that Kim McGowan is granted leave to file a Motion to Modify the Scheduling Order, which demonstrates that her failure to act was the result of excusable neglect before February 20, 2015. It will be briefed in the ordinary course. The court will hear oral argument on McGowan's Motion to Modify the Scheduling Order on March 25, 2015. If McGowan's Motion to Modify the Scheduling Order is granted, then the court will also hear oral argument on McGowan's Motion to Compel (#11).

IT IS SO ORDERED.

DATED this 3rd day of February, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE