**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KIM MCGOWAN,

                Plaintiff,

vs.

CREDIT MANAGEMENT LP,

                Defendant.

Case No. 2:14–cv–759–APG–VCF

**ORDER AND**
**REPORT AND RECOMMENDATION**

This matter involves Kim McGowan's civil action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*., against Credit Management LP. Before the court are McGowan's Motion to Compel and Request for Sanctions (#11[1]), Credit Management's Motion to Strike (#18), and McGowan's Motion to Extend Time (#21).

**BACKGROUND**

Between December 26, 2013, and March 4, 2014, Credit Management LP allegedly called Kim McGowan's cell phone 62 times regarding an unpaid debt. (Compl. (#1) at 2 ¶ 6). McGowan claims that she did not authorized Credit Management's repeated calls, owe Credit Management debt, or know on whose behalf Credit Management may have been calling. (*Id*. at ¶¶ 3–5).

On May 14, 2014, she commenced this action against Credit Management LP under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. On July 31, 2014, the parties held a Rule 26(f) conference. (Doc. #9 at 1:25). This set August 14, 2014 as the deadline to serve initial disclosures. *See* FED. R. CIV. P.

---

[1] Parenthetical citations refer to the court's docket.

26(a)(1)(C). By August 15, 2014, McGowan had not received Credit Management's initial disclosures or any information regarding the identity of the alleged creditor. (*See* Pl.'s Reply (#17) at 3:4–5).

On November 6, 2014, McGowan served her First Request for Production of Documents on Credit Management. (*See* Doc. #11 at 2 ¶ 4). She sought, *inter alia*, information "evidencing the existence of an alleged debt owned by Plaintiff." (*Id*. at 4:4–5). On December 4, 2014, the deadline to file "[a]ll discovery and discovery-related motions" expired. (Doc. #9 at ¶ 10).

On December 15, 2014, Credit Management responded to McGowan's Request for Production of Documents with boilerplate objections. (*See generally* Doc. #11 at Ex. 1). Under the District of Nevada's Local Rules, December 15 was also the last day to move to extend the discovery cutoff date. (*See* Doc. #9 at ¶ 8); LR 26-4.

On December 31, 2014—four days before the discovery cutoff date—Credit Management disclosed the identity of the creditor for the first time. (Kleven Aff. (#21-1) at ¶ 8); (Mins. Proceedings #30). It was an internet service provider called Keyon. (*Id*.)

On January 2, 2015, McGowan moved to compel Credit Management to produce documents and a Rule 30(b)(6) witness. (*See* Doc. #11). McGowan's motion also requests sanctions and an extension of the discovery cutoff date. (*Id*.) Credit Management opposed, asserting that McGowan failed to demonstrate "excusable neglect" for request relief after the relevant deadlines expired. (Doc. #12). And on February 5, 2015, McGowan filed an untimely reply, arguing for the first time that Credit Management never produced its initial disclosures. McGowan's untimely reply prompted Credit Management's Motion to Strike (#18).

/// /// ///

/// /// ///

/// /// ///

Finally, on February 23, 2015, McGowan formally[2] moved to extend the discovery cutoff date (#21). Credit Management opposed (#27). No reply was filed. The court heard oral argument on March 25, 2015. During the hearing, the court asked Credit Management why it failed to disclose the identity of the creditor until four days before the discovery cutoff date. There was no adequate explanation. (*See infra* at pp. 5–6).

## DISCUSSION

The record reflects that both parties have been less than diligent in conducting discovery. Credit Management failed to timely serve initial disclosures or substantive discovery responses.[3] McGowan failed to timely move to compel, timely move to extend the discovery cutoff date, and timely file a reply brief. This raises three questions: (1) whether Credit Management should be allowed to introduce evidence that McGowan was indebted to Keyon at trial or a subsequent hearing; (2) whether McGowan demonstrated excusable neglect in failing to act before the various deadlines elapsed; and (3) whether the court should strike McGowan's untimely reply. Each question is addressed below.

### I. Credit Management's Failure to Serve Initial Disclosures

The court begins with Credit Management's failure to serve initial disclosures. Federal Rule of Civil Procedure 26(a) states that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information; [and] (ii) a copy . . . of all documents . . . that the disclosing party . . . may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i)–(ii).

---

[2] Special Order 109 requires a "separate document" for each type of requested relief. Therefore, a Motion to Compel should not include a request to extend the discovery cutoff date. The latter request requires an independent motion.
[3] All of Credit Management's discovery responses are boilerplate.

When disclosing information under Rule 26(a)(1) or responding to a discovery request, an attorney must sign the disclosure or response. FED. R. CIV. P. 26(g)(1). The attorney's signature "certifies" that the attorney conducted "a reasonably inquiry" into the matter and that the disclosure or response is "complete and correct as of the time it is made" and "consistent with these rules." FED. R. CIV. P. 26(g)(1)(A)–(B).

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a hearing, or at trial, unless the failure was substantially justified or harmless." FED. R. CIV. P. 37(c)(1). This sanction is an "automatic" and "self-executing sanction." FED. R. CIV. P. 37(c), Advisory Comm. Notes (1993); *accord Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The party facing sanctions bears the burden of showing that its failure to comply with Rule 26 was substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008). Rule 37 sanctions are appropriate even if a litigant's entire cause of action fails. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008). Four factors guide the court's discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of that party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *see also Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) (applying the *Woodworker's* factors).

Credit Management's defense is predicated on the existence of a creditor whom it failed to identify until four days before discovery closed. There is no dispute that Credit Management failed to disclose the creditor's identity in a timely manner. Under Rule 26(a)(1)(A)(i), Credit Management was required to voluntarily disclose the creditor's identity by August 14, 2014. It did not. Under Rule 34(b)(2)(A), Credit

Management was required to disclose the creditor's identity in response to a discovery request by December 15, 2014. It did not.

Instead, Credit Management disclosed the creditor's identity four days before the close of discovery. During the court's March 26, 2015 hearing, the court asked why Credit Management failed to disclose the creditor's identity in a timely fashion. (*See* Mins. Proceedings #30). There was no adequate explanation:

| | |
|---|---|
| The Court: | "Okay, when did you guys first learn about Keyon?" |
| Defense Counsel: | "The day before Plaintiff's deposition." |
| The Court: | "And why was that?" |
| Defense Counsel: | "Um. . . if you're asking why we didn't know from the beginning, I can't answer that. If— in regards to why—" |
| The Court: | "Well, was it that no one in your law firm tried to figure that out or that the client was not giving you full answers to your investigation? You're required to investigate the claims right?" |
| Defense Counsel: | "Yes, we are your Honor." |
| The Court: | "Okay, so why didn't the client tell you who it was?" |
| Defense Counsel: | "I believe the client referred to the account notes and it may have been an error that we didn't see that it was an account that was assigned. But in any case if your Honor will entertain a few moments—" |
| The Court: | "Sure, yeah. I'd like to know." |
| Defense Counsel: | "We candidly admitted that we did not have a copy of the contract. We never tried to withhold anything. If you look at our discovery |

5

| | | |
|---|---|---|
| | | responses, we told Plaintiff we looked, we can't locate the contract, we'll keep looking. As far as the identity of Keyon, I myself found that out the day before deposition. I don't have much to say on that other than—" |
| | The Court: | "Well, what did you do that day when you found it out that you couldn't have done back when you had to do the initial disclosures?" [. . .] |
| | Defense Counsel: | "So I went back to the client, and I said we have this deposition tomorrow. I said I'd make a good faith effort to find any more information that is discoverable, that would be okay releasing and the issue of Keyon came up. We don't have any paperwork or documentation between Ms. McGowan and Keyon." |
| | The Court: | "Right. So what did your client rely on in telling you that Keyon was the assignor? [ . . . ] How did your client find out it was Keyon?" |
| | Defense Counsel: | "I would venture that the client knew it was Keyon and it was just a miscommunication as to whether we knew it was Keyon." |
| | The Court: | "Alright. Anything else you want to add?" |
| | Defense Counsel: | "No. . ." |

(Mins. Proceedings (#30) at 26:40–30:02). This belies what Credit Management certified when it signed its disclosures and discovery responses: that it conducted "a reasonable inquiry" into the matter and its responses were "complete and correct" and "consistent with these rules." *See* FED. R. CIV. P. 26(g)(1)(A)–

(B).[4] Credit Management's oral argument demonstrates that it discovered the creditor's identity by simply asking the client representative. There is no apparent reason why this could not have occurred fourteen days after the parties' 26(f) conference as Rule 26(a)(1)(C) requires.

Credit Management's failure to disclose the creditor's identity is not "harmless." Discovery is closed and Credit Management has opposed McGowan's Motion to Compel and Motion to Extend Time. Credit Management therefore asserts that McGowan should proceed to trial without an opportunity to conduct discovery related to the purported cause of the 62 phone calls or her purported relationship with Keyon.

Nor is the failure to disclose the creditor's identity "substantially justified." Oral argument demonstrated that Credit Management failed to discover the creditor's identity because Credit Management did not ask the client until just before discovery was about to end. Under these circumstances, the Federal Rules of Civil Procedure require the court to enter a preclusion order preventing Credit Management from introducing evidence that McGowan is or was indebted to Keyon. *See* FED. R. CIV. P. 37(c), Advisory Comm. Notes (1993) (calling the sanction "automatic" and "self-executing"); *Yeti by Molly*, 259 F.3d at 1106 (same).

A preclusion order accords with the four *Woodworker's* factors. First, there is no dispute that McGowan was "shocked" to learn of the creditor's identity on December 31, 2014. (*See* Mins. Proceedings #30). Second, there is no dispute that discovery is closed and McGowan's ability to conduct discovery in connection with the creditor is prejudiced. Third, the court finds that introducing the creditor's identity would substantially disrupt proceedings because it would require the court to reopen discovery and order the parties to start discovery again from the beginning. This would waste judicial resources. The fourth

---

[4] McGowan claims, and Credit Management does not dispute, that McGowan did not know the identity of the creditor until it was disclosed four days before discovery expired.

factor is neutral because there is no indication of bad faith; however, a finding of willfulness, fault, or bad faith is not required. *Yeti by Molly Ltd.*, 259 F.3d at 1106.

## II.     McGowan's Failure to Conduct Discovery

The court now turns to McGowan's failure to timely move to compel or timely move to extend the discovery cutoff date. Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders. It provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In the context of Rule 16, good cause is measured by diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992)). The rule permits modification of a scheduling order, but only if the existing deadlines cannot be met despite the diligence of the party seeking the extension. *Coleman*, 232 F.3d at 1295. Where the movant "fail[s] to show diligence, the inquiry should end." *Id*. (citation and quotation marks omitted).

If, however, a request is made after the expiration of the subject deadline, the movant's request "shall not be granted" unless the movant demonstrates that the failure to act was the result of "excusable neglect." LR 26-4. Excusable neglect approximates negligence. *See Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). Courts consider four factors when determining whether neglect is excusable: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). This determination is equitable, *Pioneer*, 507 U.S. at 395, and left to the district court's discretion. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

With the exception of the Rule 37 sanction, McGowan's motions are denied. Scheduling orders are critical to the court's management of its docket. The court is charged with securing "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Delay frustrates this command. The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Mammoth Recreations, Inc.*, 975 F.2d at 610 (internal quotations and citations omitted).

McGowan's moving papers and oral arguments failed to show diligence. Discovery opened in August of 2014. (Doc. #9 at 1:24). The parties agreed to close discovery on January 4, 2015. (Doc. #9 at ¶ 1). McGowan did not move to compel discovery, move to extend the discovery cutoff date, or seek a stipulation to extend the discovery cutoff date during this time. Nor did McGowan assert a Rule 56(d) argument in her opposition to Credit Management's motion for summary judgment. (*See generally* Doc. #19). If McGowan had been diligent she would have sought some form of relief from the court in connection with discovery.

McGowan also failed to demonstrate excusable neglect. She contends that her neglect was excusable because Credit Management repeatedly promised to provide discoverable information but delayed producing the information until immediately before the discovery cutoff date. (*See* Mins. Proceedings #30). This argument misses the mark. Rule 16 and Local Rule 26-4 focus on the movant's actions. If Credit Management stonewalled discovery, as McGowan alleges, the rules rely on McGowan to react and timely request an extension. A defendant's failure to conduct discovery under Rule 26 does not excuse a plaintiff's failure to request more time to conduct discovery under Rule 16. These are separate events with separate consequences under the rules.

**III.     Credit Management's Motion to Strike**

Finally, Credit Management moves to strike McGowan's reply because it was untimely. The court declines striking McGowan's reply under the Local Rules, as Credit Management requests. (*See* Mins. Proceedings (#30); (Doc. #22 at 3); *see also* LR IA 3-1 ("The Court may *sua sponte* . . . dispense with, or waive any of these Rules if the interest of justice so require."). McGowan's late filing was harmless and did not adversely affect the efficient resolution of this matter. (*See id*. at 2:16). Nor did the late filing prejudice Credit Management. Credit Management addressed the issues raised by McGowan's reply during the court's March 25, 2015 hearing.

**CONCLUSION**

"Rules of practice and procedure are devised to promote the ends of justice, not to defeat them." *Leedom v. Int'l Bhd. of Elec. Workers, Local Union No. 108, AFL-CIO*, 278 F.2d 237, 244 (D.C. Cir. 1960) (citing *Hormel v. Helvering*, 312 U.S. 552, 557 (1941)). Application of the rules promotes justice here. Credit Management delayed complying with its duty to disclose under Rule 26(a) until four days before discovery closed. It should, therefore, try the case as if the information was never disclosed. *See* FED. R. CIV. P. 37(c)(1). McGowan similarly delayed moving to compel or moving to extend discovery until discovery closed. She, too, should try her case as if she never moved to compel or extend the discovery cutoff date. *See Mammoth Recreations, Inc*., 975 F.2d at 610.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that McGowan's Motion to Compel (#11) is GRANTED in part and DENIED in part.

IT IS RECOMMENDED that Credit Management is PRECLUDED from introducing evidence that McGowan is or was indebted to Keyon.

10

IT IS FURTHER ORDERED that all other requests for relief raised by McGowan's Motion to Compel (#11) are DENIED.

IT IS FURTHER ORDERED that McGowan's Motion to Extend Time (#21) is DENIED.

IT IS FURTHER ORDERED that Credit Management's Motion to Strike (#18) is DENIED.

DATED this 26th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE